# In the United States Court of Federal Claims

No. 23-1947T
(Filed: June 9, 2026)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PETER SEED, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Peter Seed, proceeding *pro se*, seeks a refund of income taxes. *See* Compl. (ECF 1). The government moved to dismiss, or, in the alternative, for summary judgment. *See* Def.'s Mot. (ECF 28); Pl.'s Opp'n (ECF 29); Def.'s Reply (ECF 34); Pl.'s Surreply (ECF 42). Plaintiff filed a cross-motion. *See* Pl.'s Mot. (ECF 51); Def.'s Resp. (ECF 54); Pl.'s Reply (ECF 55). After a hearing, the government filed a supplemental brief at my request, *see* Def.'s Suppl. Br. (ECF 56), and Plaintiff responded, *see* Pl.'s Reply to Def.'s Suppl. Br. (ECF 57). Because Congress has specifically ruled out lawsuits for the type of refund Plaintiff seeks, this Court lacks jurisdiction. The government's motion for summary judgment is therefore **GRANTED**. The remaining motions are **DENIED AS MOOT**. The case is **DISMISSED**.

The briefs are long, but the facts boil down as follows. Plaintiff co-founded an online brokerage business called Kane Reid Securities Group, Inc., d/b/a TradeKing. *See* Compl. ¶¶ 2–3; Def.'s Mot. at 4–5, 15; Def.'s Mot. App. A, at A-0118–19 (ECF 28-1). After a series of corporate transactions, Plaintiff ended up as a shareholder of TradeKing Holdings, LLC, which owned stock in TradeKing Group, Inc. *See* Def.'s Mot. App. A, at A-0084, A-0160, A-0339. TradeKing Holdings elected to be taxed as a partnership. *Id.* at A-0061–62, A-0783.

In 2016, TradeKing Group was acquired by Ally Financial, Inc. *See* Compl. ¶ 5; Def.'s Mot. at 9, 18; Def.'s Mot. App. A, at A-0060, A-0817, A-0892–94. By selling its TradeKing Group stock, TradeKing Holdings realized capital gains. It passed those

capital gains on to its shareholders, including Plaintiff. Def.'s Mot. App. A, at A-0070, A-0908–10, A-1313.

Plaintiff paid tax on his income from that transaction. Compl. ¶ 7. But he came to believe that he overpaid because the income should have been covered by the qualified small business stock capital gain exclusion ("Section 1202 exclusion"). *See id.* ¶¶ 4, 7–8; Internal Revenue Code ("I.R.C.") § 1202(a)(1) (2016) (codified at 26 U.S.C. § 1202(a)(1)).[1] Specifically, he argues that TradeKing Group was a "qualified trade or business" as defined by I.R.C. § 1202(e) (2016). Compl. ¶¶ 19, 22–23. If that were true, Plaintiff would have been entitled to exclude a portion of his gains from the sale from his taxable income. Compl. ¶¶ 2, 8; Pl.'s Opp'n at 5.

He filed a refund request with the Internal Revenue Service ("IRS"), which was denied. Compl. ¶¶ 9–10. After that, he sued in this Court, and the parties filed their respective motions.

This Court's jurisdiction extends to claims for tax refunds. *See Rouzard v. United States*, 179 Fed. Cl. 209, 214 (2025) (citing 28 U.S.C. §§ 1346(a)(1), 1491(a)(1) and I.R.C. § 7422(a)). But because this Court's jurisdiction depends on congressional waivers of sovereign immunity, Congress can withdraw jurisdiction for particular categories of cases. *See Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1373 (Fed. Cir. 2005). I agree with the government that Congress has done so here.

Start with the relevant jurisdictional provision, I.R.C. § 7422(h) (2016), which originated in the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. 97-248, 96 Stat. 324, 668.[2] For the 2016 tax year, Section 7422(h) provided that "[n]o action may be brought for a refund attributable to partnership items (as defined in [I.R.C. §] 6231(a)(3))," with exceptions not relevant in this case. *See* I.R.C. § 7422(h) (2016). If the refund Plaintiff seeks is "attributable to partnership items," this Court lacks jurisdiction to consider it. *Schell v. United States*, 589 F.3d 1378, 1382 (Fed. Cir. 2009).

---

[1] The Court applies the tax code and related regulations in effect during the year at issue. *See, e.g.*, *United States v. Hill*, 506 U.S. 546, 549 n.1 (1993); *Manor Care, Inc. v. United States*, 630 F.3d 1377, 1379 n.1 (Fed. Cir. 2011). The Court refers to the 2016 version of the tax code where the relevant parts have since been amended.

[2] Congress repealed Section 7422(h) in the Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 1101, 129 Stat. 584, 638, but the repeal did not take effect until January 1, 2018, *see Gen. Mills, Inc. v. United States*, 957 F.3d 1275, 1279 n.1 (Fed. Cir. 2020); *Baxter v. United States*, 48 F.4th 358, 361 n.1 (5th Cir. 2022). The Bipartisan Budget Act permitted partnerships to elect to apply its amendments, including the Section 7422(h) repeal, to taxable years beginning after the law's enactment on November 15, 2015 and before January 1, 2018. *See* Pub. L. No. 114-74, § 1101(g)(4), 129 Stat. at 638. The parties assume that the statute governs here, although they disagree about whether it requires dismissal.

The parties do not appear to dispute that the requested refund is "attributable to" the capital gain from the sale of TradeKing Group stock. *See Keener v. United States*, 551 F.3d 1358, 1365 (Fed. Cir. 2009) ("Courts in various tax cases have construed the phrase ['attributable to'] according to its plain meaning, which is understood to be 'due to, caused by, or generated by.'") (quoting *Electrolux Holdings, Inc. v. United States,* 491 F.3d 1327, 1330–31 (Fed. Cir. 2007)). That focuses the jurisdictional question on whether the capital gain is a "partnership item."

So what is a "partnership item"? According to the definition cross-referenced in Section 7422(h), Congress delegated the question to the Secretary of the Treasury:

> The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

I.R.C. § 6231(a)(3) (2016). That definition has three parts. Was TradeKing Holdings a "partnership"? Were the capital gains in question "required to be taken into account for the partnership's taxable year under any provision of subtitle A"? And if the answer to both of those questions is "yes," did Treasury regulations provide that they were "more appropriately determined at the partnership level than at the partner level"? I address those questions in order.

First, TradeKing Holdings was a "partnership" for purposes of Section 6231(a)(3). Another paragraph of Section 6231 defined "partnership" as "any partnership required to file a return under [I.R.C. §] 6031(a)," except for partnerships with ten or fewer members. I.R.C. § 6231(a)(1)(A)–(B) (2016); *see also* I.R.C. § 6031(a) (describing returns of partnership income). The parties do not dispute that TradeKing Holdings had more than ten members. *See* Def.'s Mot. App. A, at A-0059, A-0084, A-0499. An LLC with more than two members is treated like a partnership for tax purposes unless it elects otherwise. *See Principal Life Ins. Co. v. United States*, 120 Fed. Cl. 41, 51 n.15 (2015); *Arbitrage Trading, LLC v. United States*, 108 Fed. Cl. 588, 591 n.4 (2013). Because TradeKing Holdings chose to be taxed as a partnership, *see* Def.'s Mot. App. A, at A-0061–62, A-0783, it was obligated to file a return under I.R.C. § 6031(a). Plaintiff does not appear to dispute that TradeKing Holdings was a partnership.

Second, capital gains from the sale of TradeKing Group were an "item required to be taken into account for the partnership's taxable year under … subtitle A." I.R.C. § 6231(a)(3) (2016). Subtitle A — generally covering the calculation and reporting of

income tax — defines gross income as "all income from whatever source derived," which includes capital gains. I.R.C. § 61(a); *see United States v. Foster Lumber Co.*, 429 U.S. 32, 36–37 (1976). A partnership does not pay income tax, but it "must report the income it generates and such income must be calculated in largely the same manner as an individual computes his personal income." *United States v. Basye*, 410 U.S. 441, 448 (1973). When filing annual returns, partnerships must separately report items of capital gains. *See* 26 C.F.R. § 1.703-1(a)(1); I.R.C. § 702(a)(2). It follows that even if TradeKing Holdings did not have to pay tax on the capital gains resulting from the sale of TradeKing Group, the capital gains still had to be taken into account on its annual return.

So whether the capital gains are a "partnership item" subject to the Section 1202 exclusion comes down to the third part of the Section 6231(a)(3) test: Did "regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level"? *See* I.R.C. § 6231(a)(3) (2016).

Turn, then, from the Internal Revenue Code to the Treasury regulations. The relevant regulation provides that "partnership items" include, *inter alia*, "items of income, gain loss [sic], deduction, or credit of the partnership," 26 C.F.R. § 301.6231(a)(3)-1(a)(1)(i), and "the legal and factual determinations that underlie the determination of the … characterization of items of income, credit, gain, loss, deduction, etc.," 26 C.F.R. § 301.6231(a)(3)-1(b). That regulation is the end of the road for Plaintiff.

The capital gains in question were reported as income by TradeKing Holdings on its annual return and the Schedule K-1 issued to Plaintiff identifying his share of the passed-through capital gains. Def.'s Mot. App. A, at A-0908–10; Pl.'s Opp'n at 14.

And Plaintiff's arguments for a refund under I.R.C. § 1202 involve "legal and factual determinations" about how to "characteriz[e]" those capital gains. 26 C.F.R. § 301.6231(a)(3)-1(b). The Section 1202 exclusion applies if TradeKing Group was a "qualified trade or business" and if the partnership held the TradeKing Group stock for a sufficient period. *See* I.R.C. §§ 1202(e)(3)(A), 1202(g)(2)(A) (2016). Plaintiff's claim in this case is that the IRS denied his refund claim because it determined that neither condition was satisfied. Compl. ¶ 14. Plaintiff disputes the IRS's conclusions that TradeKing engaged in brokerage services, disqualifying it from the Section 1202 exclusion, *see* I.R.C. § 1202(e)(3)(A) (2016); Compl. ¶¶ 20, 28–33, and that TradeKing Holdings had not held the stock for the requisite five years, *see* I.R.C. § 1202(g)(2)(A) (2016); Compl. ¶¶ 14–18.

- 4 -

Plaintiff's main theory is that TradeKing did not engage in brokerage services, but rather provided a "software-driven, self-directed trading platform" on which "[c]ustomers executed trades themselves." Pl.'s Opp'n at 18; *see also* Compl. ¶¶ 22, 29, 33. To him, the businesses disqualified by I.R.C. § 1202(e)(3)(A) (2016) are those that rely on "personal services," and TradeKing "did not sell advisory services" or "operate like a traditional brokerage." Pl.'s Opp'n at 18. Further, he argues that the five-year holding requirement was satisfied because the corporate reorganizations before the sale did not "restart the holding period." *See* Pl.'s Opp'n at 17; *see also* Compl. ¶ 17. Even if Plaintiff is correct, those are exactly the kinds of factual and legal determinations that Section 7422(h) removed from this Court's jurisdiction for the relevant tax year.

Lastly, Plaintiff argues that the Section 7422(h) jurisdictional bar does not apply unless the IRS has "initiated a TEFRA proceeding[.]" Pl.'s Opp'n at 12. Sometimes questions about the Section 7422 jurisdictional bar arise after the IRS makes partnership-level determinations. *See Keener*, 551 F.3d at 1360. But nothing in the text of the relevant statutes and regulations appears to *require* any such determination as a prerequisite. The jurisdictional bar thus applies automatically to any refund suit within its scope.

Because this Court lacks jurisdiction, I need not reach the merits of the parties' arguments about the Section 1202 exclusion.

## CONCLUSION

For the foregoing reasons, the government's motion for summary judgment (ECF 28) is **GRANTED**. The government's alternative motion to dismiss is **DENIED AS MOOT**, as is Plaintiff's cross-motion for summary judgment (ECF 51). The case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.


**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge